UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIEL JAMES TAYLOR, ) | |
| ) | Case Nos. 1:19-cv-15, 1:16-cr-58 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Daniel James Taylor's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-15; Doc. 62 in Case No. 1:16-cr-58). For the following reasons, the Court will **DENY** Petitioner's motion.

### I. BACKGROUND

On April 26, 2016, a federal grand jury charged Petitioner with one count of carjacking, in violation of Title 18, United States Code, Section 2119. (Doc. 1 in Case No. 1:16-cr-58.) On October 24, 2016, Petitioner pleaded guilty pursuant to a written plea agreement, which included an agreed sentence of 156 months' imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. 23 in Case No. 1:16-cr-58.) During Petitioner's rearraignment hearing, he swore that: (1) he understood the terms of his plea agreement; (2) no one made any promises or assurances to him not contained in the plea agreement; (3) he was not threatened or coerced into pleading guilty; and (4) he was pleading guilty of his own free will (Doc. 35 in Case No. 1:16-cv-58, at 7–8, 13.)

On December 19, 2016, Petitioner moved to withdraw his guilty plea. (Doc. 31 in Case No. 1:16-cr-58.) After conducting a hearing, the Court denied Petitioner's motion to withdraw his guilty plea, noting that the rearraignment transcript indicated that Petitioner pleaded guilty with full knowledge and understanding of what he was doing and that he made a knowing and intentional decision to plead guilty. (Doc. 54 in Case No. 1:16-cr-58, at 25–27.)

At the plea-withdrawal hearing, Petitioner also moved for the Court to appoint him new counsel. (*Id*. at 5.) As the basis for this request, Petitioner explained that he believed his counsel was ineffective because he permitted Petitioner to waive conflicts involving the magistrate judge and because he failed to obtain additional discovery Petitioner believed existed. (*Id*. at 15.) Although the Court initially deferred ruling on Petitioner's request for new counsel, it eventually granted Petitioner's request, citing a breakdown in the relationship between Petitioner and his initial attorney. (Doc. 44 in Case No. 1:16-cr-58.)

At Petitioner's sentencing hearing, his new counsel renewed his motion to withdraw his guilty plea. (Doc. 56 in Case No. 1:16-cr-58, at 3.) The Court denied Petitioner's motion, finding no reason to revisit its prior decision and sentenced Petitioner to 156 months' imprisonment. (*Id*. at 4–5.)

Petitioner then appealed the Court's judgment and the denial of his motion to withdraw his guilty plea to the United States Court of Appeals for the Sixth Circuit. (*See* Doc. 49 in Case No. 1:16-cr-58.) The Sixth Circuit affirmed this Court's judgment, holding that the Court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea. (Doc. 58 in Case No. 1:16-cr-58.) On April 6, 2018, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States, which the Supreme Court denied on April 30, 2018. (Doc. 60 in Case No. 1:16-cr-58.)

On January 9, 2019, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-15; Doc. 62 in Case No. 1:16-cr-58). In his motion, Petitioner asserts that he received ineffective assistance of counsel because his counsel gave him "bad advice leading up to the plea agreement," which resulted in a guilty plea that was "unlawfully induced" or not made voluntarily. (Doc. 1 in Case No. 1:19-cv-15, at 4.) Petitioner's motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional

3

errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F. 3d 481, 487 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). "[T]he inability [of the petitioner] to prove either of the prongs—regardless of which one— relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc). Additionally, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

In this case, Petitioner's motion to vacate, set aside, or correct his sentence fails because he has not explained how his counsel's conduct fell below an objective standard of care or how, but for his counsel's unprofessional conduct, the result of his case would have been different. To the contrary, Petitioner only generally asserts that he received "bad advice" from counsel leading up to his decision to plead guilty. (Doc. 1 in Case No. 1:19-cv-15, at 4.) Such a conclusory statement is insufficient to warrant relief pursuant to Title 28, United States Code, Section 2255. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (holding that a petitioner filing a motion pursuant to Title 28, United States Code, Section 2255 "must set forth facts which entitle him to relief" and explaining that "[c]onclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing"). Because Petitioner's

4

motion contains only conclusory allegations unsupported by facts, he is not entitled to relief on this claim.

Finally, to the extent Petitioner's motion seeks to challenge the validity of his guilty plea, that claim also fails. The Court previously concluded that Petitioner decided to plead guilty with full knowledge and understanding of what he was doing (Doc. 54 in Case No. 1:16-cr-58, at 25–27), and, on direct appeal, the Sixth Circuit held that the Court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea (Doc. 58 in Case No. 1:16-cr-58). Absent exceptional circumstances, such as an intervening change in law, a motion under Title 28, United States Code, Section 2255 cannot be used to relitigate issues decided on appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996). Because Petitioner has not identified any such exceptional circumstance in this case, the Court will **DENY** his motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. (Doc. 1 in Case No. 1:19-cv-15; Doc. 62 in Case No. 1:16-cr-58.)

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Petitioner's § 2255 motion (Doc. 1 in Case No. 1:19-cv-15; Doc. 62 in Case No. 1:16-cr-58). Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action

would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**